### IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JOINT TECHNOLOGY, INC. d/b/a REVERT SYSTEMS, an Oklahoma Corporation, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. CIV-11-846-M |
| GARY KENT WEAVER, JR., individually, and WEAVER MEDICAL GROUP, INC., a Tennessee Corporation, d/b/a WEAVER MOBILITY, | ) ) ) ) ) | |
| Defendants. | ) ) | |

## ORDER

Before the Court is defendant Gary Kent Weaver, Jr.'s ("Weaver") Motion to Dismiss, filed August 17, 2011. On September 8, 2011, plaintiff filed its response. Based upon the parties' submissions, the Court makes its determination.

I.      Introduction

Plaintiff is a distributor of durable medical equipment and related products. By written agreement signed on March 18, 2008 ("agreement"), plaintiff employed Weaver as Regional Sales Agent for the State of Tennessee.[1] Plaintiff initially paid Weaver an annual sum of $50,000. Subsequently, plaintiff converted Weaver's compensation to an 18% sales commission on most products. Weaver agreed to pay for his own expenses of operation. Plaintiff agreed to pay Weaver an additional 4% commission to compensate for overhead expenses.

According to plaintiff, the terms of the agreement required Weaver to devote his full time and exclusive attention to plaintiff's business. Weaver agreed not to involve himself in any

---

[1]Weaver's title was later revised to Regional Vice President to the State of Tennessee.

competing business while working as plaintiff's agent. The agreement further required Weaver not to solicit any of plaintiff's current customers or employees for a twelve month period following his termination.

In 2009, Weaver formed the sole proprietorship of Weaver Family Orthotics. According to plaintiff, Weaver initiated a process of diverting orders to Weaver Family Orthotics. In 2010, Weaver incorporated his company in Tennessee as Weaver Medical Group, Inc. and planned to divert orders of durable medical equipment to it.

In 2010, Weaver also formed Weaver Mobility, a Tennessee corporation. Weaver substituted physician prescriptions for medical products from Revert[2] to Weaver Mobility prescriptions. In May 20, 2011, Weaver resigned from his position with plaintiff.

Plaintiff filed its Complaint on July 26, 2011. Weaver now moves for dismissal on the grounds that plaintiff has failed to state a claim for which relief can be granted.

II.    Standard

Regarding the standard for determining whether to dismiss a claim pursuant to Rule 12(b)(6), the United States Supreme Court has held:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

---

[2]Plaintiff was doing business as Revert Systems.

2

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal quotations and citations omitted). Further, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Id.* (internal quotations and citations omitted). Additionally, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id.* at 1949 (internal quotations and citations omitted).

III.    Discussion

A.    Non-Solicitation Agreement

Plaintiff has alleged a claim for breach of the non-solicitation covenant in the agreement. Weaver contends that plaintiff's claim should be dismissed because plaintiff did not allege that Weaver actively solicited plaintiff's customers. Weaver further contends that plaintiff did not allege facts to support that Weaver solicited plaintiff's employees.

Oklahoma courts have upheld provisions that prohibit former employees from actively soliciting former employers' customers. *See Cardiovascular Surgical Specialists, Corp. v. Mammana*, 61 P.3d 210, 213 (Okla. 2002). "However, provisions by which an employer sought to go beyond a prohibition on active solicitation and thus prevent fair competition have been declared void." *Id.*

Here, plaintiff alleged that pursuant to the terms of the agreement, Weaver was prohibited from soliciting or contacting plaintiff's customers. Plaintiff further alleged that Weaver solicited plaintiff's customers and attempted to persuade plaintiff's customers to discontinue their business relationship with plaintiff. Based upon plaintiff's allegations, the Court finds that plaintiff has pled

sufficient facts to establish that Weaver actively solicited plaintiff's customers in violation of the agreement.

Additionally, plaintiff has alleged sufficient facts to establish that Weaver solicited plaintiff's employees. Plaintiff alleged that Weaver used plaintiff's expenses to hire and retain staffing under contract directly with Weaver. However, plaintiff further alleged that, after Weaver's termination, Weaver solicited plaintiff's present employees to Weaver's employment. Thus, the Court finds that plaintiff has sufficiently alleged that Weaver solicited plaintiff's employees.

Therefore, the Court denies Weaver's motion to dismiss plaintiff's claims for breach of the non-solicitation covenant.

B.     Proprietary Information

Weaver contends that plaintiff has failed to plead facts that would establish a claim for use of proprietary information.

In order to have a claim to protect proprietary information, such information "must be the particular secrets of the employer as distinguished from general secrets of the trade in which he is engaged." *Cent. Plastics Co. v. Goodson*, 537 P.2d 330, 333 (Okla. 1975). Information that is easily ascertainable or available generally to the public or trade does not constitute proprietary information. *See id.* at 334-35.

Having carefully reviewed plaintiff's complaint, the Court finds that plaintiff has not alleged sufficient facts to establish that Weaver used information that contained particular secrets of plaintiff and not general secrets of the trade. Plaintiff alleged that it provided Weaver a data base of certain customers, products, price renewal dates, pricing policies, methods of delivery services, marketing strategies, and product development strategies. However, plaintiff failed to allege that said

4

information was not easily ascertainable or available generally to the public or plaintiff's trade. Absent allegations that the information plaintiff provided contained plaintiff's particular secrets, plaintiff's claim for use and disclosure of proprietary information tenders naked assertions devoid of further factual enhancement. *Iqbal*, 129 S. Ct. at 1949.

Therefore, the Court dismisses plaintiff's claim against Weaver for use and disclosure of proprietary information.

      <u>C.</u>      <u>Breach of the Exclusivity Agreement, Conversion, and Jim Patton's Claims for Relief</u>

Weaver moved to dismiss plaintiff's claims for breach of the exclusivity agreement and conversion. Weaver further moved to dismiss Jim Patton's claims for relief as he is not a party in this matter.

Local Civil Rule 7.1(g) provides, in pertinent part: "Any motion that is not opposed within 21 days may, in the discretion of the Court, be deemed confessed." To that end, a plaintiff's failure to address the arguments presented in a motion to dismiss is an implicit concession that the plaintiff fails to state a claim on which relief may be granted. *See Morrison ex rel. Haar Family Trust v. Anadarko Petroleum Corp.*, No. CIV-10-135-M, 2010 WL 2721397, at *4 (W.D. Okla. July 06, 2010).

In the case at bar, Weaver filed his motion to dismiss on August 17, 2011. In plaintiff's response, filed September 8, 2011, plaintiff did not oppose Weaver's arguments against plaintiff's claims for breach of exclusivity agreement and conversion. To date, plaintiff has failed to address said arguments that Weaver set forth. Having reviewed the parties' submissions, the Court finds that plaintiff implicitly conceded that it failed to state a claim upon which relief can be granted.

Additionally, in plaintiff's response to Weaver's motion to dismiss, plaintiff never opposed

Weavers's arguments that Jim Patton's claims for relief should be dismissed.  Rather, in another filing by plaintiff, plaintiff conceded that Jim Patton is not a party in this matter and that Jim Patton's claims for relief was a textual error.[3]  Thus, the Court finds that Jim Patton's claims for relief should be struck from the record.

Therefore, the Court dismisses plaintiff's claims against Weaver for breach of exclusivity agreement and conversion.  Additionally, the Court strikes Jim Patton's claims for relief in this matter.

D.    Return of Inventory

Weaver moves to dismiss plaintiff's claim for return of inventory on the grounds that, after the Court's dismissal of plaintiff's previously discussed claims, the amount in controversy is not satisfied.

Diversity jurisdiction requires that the amount in controversy exceeds $75,000.  28 U.S.C. §1332(a).  The amount in controversy is determined at the time the complaint was filed.  *Watson v. Blankinship*, 20 F.3d 383, 387 (10th Cir. 1994).  "Just because the court dismisses certain claims, which reduce the amount of recovery, . . . does not necessarily destroy jurisdiction or prove that the plaintiff acted in bad faith."  *Id.* (citing *St. Paul Mercury Indem. Co. v. Red Cab. Co.*, 303 U.S. 283, 292 (1938)).

Here, the Court finds that the amount in controversy requirement is satisfied.  At the time plaintiff filed its complaint, plaintiff sought damages exceeding $857,000.  Moreover, in light of plaintiff's remaining claims, plaintiff's complaint still satisfies the amount in controversy

---

[3]"Jim Patton is not a party in this litigation, and has not asserted claims herein . . . . The reference to Jim Patton in the prayer for relief is obviously a mere textual error."  Plaintiff's Response to Motion to Dismiss of Defendant Weaver Medical Group Inc. [docket no. 9] at 8.

requirement.  In fact, plaintiff's non-solicitation claims – one of plaintiff's remaining claims – seeks damages in excess of $250,000.

Therefore, the Court denies Weaver's motion to dismiss plaintiff's claim for return of inventory.

IV.     Conclusion

Accordingly, the Court GRANTS IN PART and DENIES IN PART Weaver's Motion to Dismiss [docket no. 7].  Specifically, the Court GRANTS Weaver's Motion to Dismiss as to:

(1)     Plaintiff's Count 1, Contract Exclusivity – Conversion;

(2)     Plaintiff's Count 3, Proprietary Information;

(3)     Plaintiff's Count 4, Breach of Exclusivity – Damages; and

(4)     Plaintiff's Count 7, Conversion of Expense Funds.

The Court DENIES Weaver's Motion to Dismiss as to:

(1)     Plaintiff's Count 2, Breach of Non-Solicitation Covenant Prior to Termination;

(2)     Plaintiff's Count 5, Breach of Non-Solicitation Covenant After Termination;

(3)     Plaintiff's Count 6, Failure to Return Inventory

Finally, the Court STRIKES Jim Patton's claims for relief.

**IT IS SO ORDERED this 4th day of October, 2011.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE