IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOINT TECHNOLOGY, INC. d/b/a REVERT SYSTEMS, an Oklahoma Corporation, ) ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | Case No. CIV-11-846-M |
| GARY KENT WEAVER, JR., individually, and WEAVER MEDICAL GROUP, INC., a Tennessee Corporation, d/b/a WEAVER MOBILITY, ) ) ) ) ) | |
| Defendants. ) | |

**ORDER**

Before the Court is defendant Weaver Medical Group, Inc. ("Weaver Medical"), d/b/a Weaver Mobility's Motion to Dismiss, filed August 17, 2011. On September 8, 2011, plaintiff filed its response. Based upon the parties' submissions, the Court makes its determination.

I.  Introduction

Plaintiff is a distributor of durable medical equipment and related products. By written agreement signed on March 18, 2008 ("agreement"), plaintiff employed Grant Kent Weaver, Jr. ("Weaver") as Regional Sales Agent for the State of Tennessee.[1] Plaintiff initially paid Weaver an annual sum of $50,000. Subsequently, plaintiff converted Weaver's compensation to an 18% sales commission on most products. Weaver agreed to pay for his own expenses of operation. Plaintiff agreed to pay Weaver an additional 4% commission to compensate for overhead expenses.

According to plaintiff, the terms of the agreement required Weaver to devote his full time and exclusive attention to plaintiff's business. Weaver agreed not to involve himself in any

---

[1] Weaver's title was later revised to Regional Vice President to the State of Tennessee.

competing business while working as plaintiff's agent. The agreement further required Weaver not to solicit any of plaintiff's current customers or employees for a twelve month period following his termination.

In 2009, Weaver formed the sole proprietorship of Weaver Family Orthotics. According to plaintiff, Weaver initiated a process of diverting orders to Weaver Family Orthotics. In 2010, Weaver incorporated his company in Tennessee as defendant Weaver Medical and planned to divert orders of durable medical equipment to it.

In 2010, Weaver also formed Weaver Mobility,[2] a Tennessee corporation. Weaver substituted physician prescriptions for medical products from Revert[3] to Weaver Mobility prescriptions. In May 20, 2011, Weaver resigned from his position with plaintiff.

Plaintiff filed its Complaint on July 26, 2011. Weaver Medical moves to dismiss on the grounds that plaintiff failed to state a claim for which relief can be granted.

II.  Standard

Regarding the standard for determining whether to dismiss a claim pursuant to Rule 12(b)(6), the United States Supreme Court has held:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between

---

[2] Weaver Medical was doing business as Weaver Mobility.

[3] Plaintiff was doing business as Revert Systems.

possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal quotations and citations omitted).  Further, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Id.* (internal quotations and citations omitted).  Additionally, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.  Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id*. at 1949 (internal quotations and citations omitted).

III.    Discussion

    A.    Party to the Agreement

Weaver Medical moves to dismiss plaintiff's claims for breach of the exclusivity agreement and breach of the non-solicitation covenant on the grounds that Weaver Medical was not a contracting party to the agreement.

Unless an agency relationship exists, a non-party to a contract is not liable for the terms under the contract.  *See Bell v. Tollefsen*, 782 P.2d 934, 937 (Okla. 1989); *see also Okfuskee Cnty. Rural Water Dist. No. 3 v. City of Okemah*, 257 P.3d 1011, 1019 (Okla. Civ. App. 2011).  Here, plaintiff has neither alleged that Weaver Medical was a direct party to the agreement, nor that Weaver Medical is liable based upon an agency relationship.  Thus, the Court finds that plaintiff has not pled sufficient facts to establish that Weaver Medical is liable for breach of the exclusivity agreement or breach of the non-solicitation covenant.

Therefore, the Court dismisses plaintiff's claims against Weaver Medical for breach of the exclusivity agreement and breach of the non-solicitation covenant.

B.   Proprietary Information

In order to have a claim to protect proprietary information, such information "must be the particular secrets of the employer as distinguished from general secrets of the trade in which he is engaged." *Cent. Plastics Co. v. Goodson*, 537 P.2d 330, 333 (Okla. 1975). Information that is easily ascertainable or available generally to the public or trade does not constitute proprietary information. *See id.* at 334-35.

Having carefully reviewed plaintiff's complaint, the Court finds that plaintiff has not alleged sufficient facts to establish that Weaver Medical used information that contained particular secrets of plaintiff and not general secrets of the trade. Plaintiff alleged that it provided Weaver a data base of certain customers, products, price renewal dates, pricing policies, methods of delivery services, marketing strategies, and product development strategies. However, plaintiff failed to allege that said information was not easily ascertainable or available generally to the public or plaintiff's trade. Absent allegations that the information plaintiff provided contained plaintiff's particular secrets, plaintiff's claim for use of proprietary information tenders naked assertions devoid of further factual enhancement. *Iqbal*, 129 S. Ct. at 1949.

Furthermore, as set forth in Part III.A, Weaver Medical was not a party to the agreement. To that end, Weaver Medical cannot be found liable for any term of the agreement that required Weaver to hold the provided information in confidence.

Therefore, the Court dismisses plaintiff's claim against Weaver Medical for use and disclosure of proprietary information.

C.   Conversion

Weaver Medical contends that plaintiff has failed to state a valid claim of conversion.

"Conversion is an act of dominion wrongfully exerted over another's tangible personal property in denial of or inconsistent with the owner's rights in the property." *Chaparral Energy, L.L.C. v. Pioneer Exploration, Ltd.*, 214 P.3d 1161, 1164 (Okla. Civ. App. 2010). Thus:

> [I]n order to constitute conversion, non-consent to the possession and disposition of the property is indispensable. If the owner expressly or impliedly assented to or ratified the taking, use, or disposition of his property, he could not recover for conversion of the property.

*First Bank of Okarche v. Lepak*, 961 P.2d 194, 198 (Okla. 1998). Here, the gravamen of plaintiff's conversion claim is that plaintiff paid Weaver 4% commission to compensate Weaver for overhead expenses. Plaintiff consented to pay Weaver the 4% commission because said payment was based upon an agreement between plaintiff and Weaver. Thus, the Court finds that plaintiff assented to pay Weaver the 4% commission and that neither Weaver nor Weaver Medical wrongfully exerted dominion over the commission. As such, plaintiff cannot recover for conversion of the 4% commission paid to Weaver.

Therefore, the Court dismisses plaintiff's claim against Weaver Medical for conversion.

D.  Request to Sever

In plaintiff's response, it requested that the Court exercise its discretion to sever claims against Weaver Medical from this matter pursuant to Federal Rule of Civil Procedure 21. In light of the Court's dismissal of plaintiff's claims against Weaver Medical, the Court denies plaintiff's request to sever as it is moot.

IV.  Conclusion

Accordingly, the Court GRANTS Weaver Medical's Motion to Dismiss [docket no. 8] and DISMISSES all claims against Weaver Medical. Further, the Court DENIES plaintiff's request to

sever claims against Weaver Medical as MOOT.

**IT IS SO ORDERED this 4th day of October, 2011.**

*/s/ Vicki Miles-LaGrange*
VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE