## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOINT TECHNOLOGY, INC. d/b/a REVERT SYSTEMS, an Oklahoma Corporation, | ) ) ) ) |
| Plaintiff-Counter Defendant, | ) ) |
| v. | ) )  Case No. CIV-11-846-M |
| GARY KENT WEAVER, JR., | ) ) ) |
| Defendant-Counter Claimant, | ) ) |
| GARY KENT WEAVER, JR., | ) ) |
| Third-Party Plaintiff, | ) ) |
| v. | ) ) |
| JIM PATTON, | ) ) |
| Third-Party Defendant, | ) |
| WEAVER MEDICAL GROUP, INC., | ) ) |
| Intervenor. | ) |

**ORDER**

Before the Court is plaintiff Joint Technology, Inc. d/b/a Revert Systems' ("Joint") Motion to Compel, filed December 3, 2012. On December 15, 2012, defendant Gary Kent Weaver, Jr. ("Weaver") and intervenor Weaver Medical Group, Inc. ("Weaver Medical") filed their response, and on December 21, 2012, Joint filed its reply. Based upon the parties' submissions, the Court makes its determination.

I.   Introduction

On July 26, 2011, Joint filed its Complaint against Weaver, alleging, *inter alia*, breach of non-solicitation covenant and failure to return inventory. On August 27, 2012, plaintiff served

Weaver its Interrogatories and Requests for Production of Documents, and on September 26, 2012, Weaver responded.

On October 23, 2012, Joint requested that Weaver supplement his responses. On October 31, 2012, Weaver and Weaver Medical's counsel informed Joint's counsel that she was working on the supplemental responses. According to Joint, it did not receive Weaver and Weaver Medical's supplemental response. On December 3, 2012, Joint filed its Motion to Compel.

On January 23, 2013, the Court found that Weaver is entitled to summary judgment as to Joint's claims for breach of exclusivity, breach of non-solicitation covenant prior to termination, and breach of non-solicitation covenant after termination. On January 24, 2013, Weaver and Weaver Medical voluntarily dismissed its claims for unpaid commissions. The claims remaining in this matter are: Joint's claim for failure to return inventory; Weaver's counterclaims for defamation, injunctive relief from tax disclosure, unjust enrichment, and conversion and replevin; Weaver Medical's claims for tortious interference with business relationship as to Weaver Medical's suppliers, unjust enrichment, and conversion and replevin.

II.     Discovery Requests at Issue

Joint's discovery requests and Weaver Medical's responses that are at issue state as follows:

> **INTERROGATORY NO. 3:** List date of incorporation for Weaver Medical [] and the purpose for whi[ch] it was formed.
>
> **ANSWER:** See Business Charter produced contemporaneously herewith.
>
> **INTERROGATORY NO. 6:** Describe and explain in detail all research, investigation, communication, and contact by Weaver Medical [] in the negotiation and contracting of all supplier agreements.

**ANSWER:** Objection, Interrogatory No. 6 is overly broad and unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to admissible evidence. Additionally, the interrogatory seeks confidential proprietary information. Without waiving any objection, see supplier contracts produced contemporaneously herewith.

**INTERROGATORY NO. 7:** Did Weaver Medical [] provide any type of notice, whether written or verbal, of any kind to any customer, or prospective customer of Joint []? If so, state in detail all facts and circumstances relating to each notification.

**ANSWER:** Objection, Interrogatory No. 7 is vague and ambiguous and calls for irrelevant information that is not reasonably calculated to lead to admissible evidence.

**INTERROGATORY NO. 8:** Has Weaver Medical []. ever enticed, or attempted to entice, any of [Joint's] customers to do business with Weaver Medical []? If so, please state in detail all facts and circumstances relating to each customer that was contacted.

**ANSWER:** Objection, Interrogatory No. 8 is vague and ambiguous. Without waiving any objections, Weaver Medical [] did business with [Joint's] customer on behalf of [Joint] from its inception up to May 20, 2011. Additionally, Weaver [M]edical advised its referral base that it offered products including conductive garments and replacement pads, which were not offered by [Joint], but may be needed by customers that purchased tens units from [Joint].

**INTERROGATORY NO. 9:** What records, blueprint, drawing, diagram, memorandum, letter, report pertaining to business of [Joint] are in [Weaver Medical's] possession presently?

**ANSWER:** Objection, Interrogatory No. 9 is vague, ambiguous, and overly broad. Without waiving any objections, see documents related to Plaintiff's business produced contemporaneously herewith.

**INTERROGATORY NO. 11:** Identify all suppliers with whom Weaver Medical [] have any type of written distribution agreement with and the dates of each contract.

**ANSWER:** Objection, Interrogatory No. 11 is overly br[o]ad and seeks information that is neither relevant nor reasonably calculated to

lead to admissible evidence. Additionally, the interrogatory seeks confidential proprietary information. Without waving any objections, see supplier contracts produced contemporaneously herewith.

**INTERROGATORY NO. 12:** Explain the business model utilized by Weaver Medical [] and all distinctions and variations from the business model utilized by [Joint].

**ANSWER:** Objection, Interrogatory No. 12 seeks confidential proprietary information, which could be detrimental to fair competition if it were to become known by its competitors, including [Joint]. Further, this interrogatory seeks irrelevant information not reasonably calculated to lead to admissible evidence.

**INTERROGATORY NO. 13:** State the day, month and year that Weaver Medical [] first started the process to obtain Medicare accreditation, and explain all steps taken by Weaver Medical [] to acquire this accreditation.

**ANSWER:** Objection, Interrogatory No. 13 is overly broad, unduly burdensome, and seeks confidential proprietary information. Further it seeks irrelevant information that is not reasonably calculated to lead to admissible evidence. Without waving any objection, [Weaver Medical] applied for Medicare accreditation on October 1, 2010, and took all necessary steps to qualify for accreditation. The required unannounced visit occurred and was passed on December 2, 2010.

**INTERROGATORY NO. 15:** List by name, address and telephone all former and current customers of Weaver Medical Group [].

**ANSWER:** Objection, this interrogatory is overly broad and seeks information that is neither relevant nor reasonably calculated to lead to admissible evidence. Further, the interrogatory seeks confidential proprietary information and information protected by privacy laws.

**INTERROGATORY NO. 16:** List by name and address each billing service used by Weaver Medical [] for the past three (3) years.

**ANSWER:** Objection, Interrogatory No. 22 is overly broad and seeks information that is neither relevant nor reasonably calculated to lead to admissible evidence. Additionally, the interrogatory seeks confidential proprietary information.

**REQUEST FOR PRODUCTION NO. 1:** Attach a copy of every document which Weaver Medical [] may present into evidence at trial of this case.

**RESPONSE:** Objection, [Weaver] has not yet identified the evidence that will be introduced at trial as discovery is ongoing. [Weaver] will supplement this response in accordance with the Scheduling Order entered in this matter.

**REQUEST FOR PRODUCTION NO. 4:** Produce a copy of each type of script that has been used by Weaver Medical [].

**RESPONSE:** Objection, this Request is vague and ambiguous, overly broad, and seeks confidential, proprietary information that is neither relevant nor reasonably calculated to lead to admissible information.  Without waiving any objection, see documents produced contemporaneously herewith.

**REQUEST FOR PRODUCTION NO. 5:** Produce a copy of each type of Employment Contract/Agreement that has been used by Weaver Medical [].

**RESPONSE:** Objection, this Request is vague and ambiguous, overly broad, and seeks information that is neither relevant nor reasonably calculated to lead to admissible information.

**REQUEST FOR PRODUCTION NO. 6:** Produce a copy of each customer list that has ever been created, referenced or utilized by Weaver Medical [].

**RESPONSE:** Objection, this Request is vague and ambiguous, overly broad, and seeks information that is neither relevant nor reasonably calculated to lead to admissible information. Further, this Request seeks confidential proprietary information and information of third parties that is protected by privacy laws.  Without waiving any objection and pursuant to the Protective [O]rder in this matter, see attached.

**REQUEST FOR PRODUCTION NO. 7:** Produce a copy of each supplier list that has ever been referenced by or utilized by Weaver Medical [].

**RESPONSE:** Objection, this Request is vague and ambiguous,

overly broad, and seeks information that is neither relevant nor reasonably calculated to lead to admissible information. Further, this Request seeks confidential proprietary information. Without waiving any objection, see supplier contracts produced contemporaneously herewith.

**REQUEST FOR PRODUCTION NO. 9:** Produce all scripts that have been filled by Weaver Medical [] since its inception in 2009.

**RESPONSE:** Objection, this Request is vague and ambiguous, overly broad, and seeks information that is neither relevant nor reasonably calculated to lead to admissible information. Further, this Request seeks confidential proprietary information and information of third parties protected [b]y privacy laws. Without waiving any objection and pursuant to the Protective Order entered in this matter, see attached documents.

**REQUEST FOR PRODUCTION NO. 10:** Produce all sales reports for all time periods since the inception of Weaver Medical [] in 2009.

**RESPONSE:** Objection, this Request is vague and ambiguous, overly broad, and seeks information that is neither relevant nor reasonably calculated to lead to admissible information. Further, this Request seeks confidential proprietary information. Without waiving any objections, Weaver Medical received sales reports from [Joint] that are not currently in Weaver Medical's possession.

**REQUEST FOR PRODUCTION NO. 11:** Produce copies of all tax returns filed by Weaver Medical [] from 2009 thru 2011.

**RESPONSE:** Objection, this Request is overly broad and seeks information that is neither relevant nor reasonably calculated to lead to admissible information. Further, this Request seeks confidential proprietary information.

**REQUEST FOR PRODUCTION NO. 12:** Produce a copy of each product catalog that has been utilized by Weaver Medical [] since inception.

**RESPONSE:** Objection, this Request is overly broad and seeks information that is neither relevant nor reasonably calculated to lead to admissible information. Without waiving any objection, see product catalogs produced contemporaneously herewith.

**REQUEST FOR PRODUCTION NO. 13:** Produce a copy of all applications, letters, memorandums, correspondence, emails, documents and any and all other records relating contracts with customers of Weaver Medical [].

**RESPONSE:** Objection, this Request is vague and ambiguous, overly broad, and seeks information that is neither relevant nor reasonably calculated to lead to admissible information. Further, this Request seeks confidential proprietary information and information that is protected by privacy laws.

**REQUEST FOR PRODUCTION NO. 14:** Produce a copy of all [Bylaws], shareholder minutes, and board of director meeting minutes which were in existence and memorialized as of December 31, 2011 for the 2010 and 2011 calendar year.

**RESPONSE:** Objection, this Request is overly broad and seeks information that is neither relevant nor reasonably calculated to lead to admissible information. Further, this Request seeks confidential proprietary information.

Joint's discovery requests and Weaver's responses that are at issue state as follows:

**INTERROGATORY NO. 9:** Describe in detail each element of damage which you claim you have incurred, and the basis/method utilized for each element.

**ANSWER:** Objection, this is a contention interrogatory and discovery is ongoing. As such this Interrogatory is overly broad, unduly burdensome, and incapable of complete response. Further, this interrogatory invades the province of the jury.

Without waiving any objections, [Weaver] provided initial disclosures regarding damages. Defendants also seek compensation for: 1.) unpaid commissions and wrongfully retained commissions plus interest, the amount to be determined; 2.) defamation in an amount to be set by a jury based on the evidence presented; 3.) tortuous interference with supplier contracts, in an amount to be set by the jury based on the evidence presented; 4.) statutory damages pursuant to 26 U.S.C. § 7431 for disclosure of confidential tax information; 5.) conversion of personal property; 6.) replevin of converted property; 7.) punitive damages; and 8.) attorney fees.

**INTERROGATORY NO. 12:** Have you ever enticed, or attempted to entice, any of [Joint's] customers to do business with Weaver Medical []? If so, please state in detail all facts and circumstances relating to each customer that was contacted.

**ANSWER:** Objection, Interrogatory No. 12 is vague and ambiguous. Without waiving any objection, Weaver Medical [] did business with [Joint's] customers on behalf of Plaintiff from its inception up to May 20, 2011.

**REQUEST FOR PRODUCTION NO. 5:** Produce copies of all checks, direct deposit forms for all pay periods since the inception of Weaver Medical [].

**RESPONSE:** Objection, this request i[s] vague and ambiguous, overly broad, and seeks information that is neither relevant nor reasonably calculated to lead to relevant evidence. Additionally, the request seeks confidential proprietary information, information of third parties protected from disclosure by privacy laws, and information protected by the attorney-client privilege.

**REQUEST FOR PRODUCTION NO. 6:** Produce a copy of your resume for the last ten (10) years.

**RESPONSE:** Objection, this request seeks information that is neither relevant nor reasonably calculated to lead to admissible evidence. Without waiving any objections, Defendant does not have a current resume but provided information similar to that generally included in a resume in response to Interrogatory Nos. 2, 4, 13.

III. Discussion

Joint asserts that Weaver and Weaver Medical's response are incomplete and evasive.

Weaver and Weaver Medical contend, *inter alia*, that Joint's discovery requests are not relevant.

Federal Rule of Civil Procedure 26(b)(1) provides, in pertinent part:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . . For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the

discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1). "[T]he question of relevancy is one of discretion of the trial court." *Ryan v. Hatfield*, 578 F.2d 275, 276 (10th Cir. 1978).

Further, for purposes of a motion to compel, Federal Rule of Civil Procedure 37(a)(4) provides that "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." *See* Fed. R. Civ. P. 37(a)(4). The party moving to compel discovery bears the burden of proving that the opposing party's answers are incomplete. *Tara Woods Ltd. P'ship v. Fannie Mae*, 265 F.R.D. 561, 566 (D. Colo. 2010); s*ee also Dailfon Inc. v. Allied Chem. Corp.*, 534 F.2d 221, 227 (10th Cir. 1976).

### A. Joint's Discovery Requests to Weaver Medical

#### 1. Interrogatory No. 3

Regarding the date of incorporation, Joint represents to the Court that "[n]o response [is] required now that Weaver has actually identified the actual document with a bates stamp." Joint's Reply to Defendant and Intervenor's Joint Response to Motion to Compel [docket no. 83] at p. 2. Accordingly, the Court finds that Joint's Motion to Compel Interrogatory No. 3 is moot.

#### 2. Interrogatory Nos. 6 and 11

Having carefully reviewed the parties' submissions, the Court finds that Weaver Medical's contract, negotiations, and communications with its suppliers are relevant to Weaver Medical's counterclaims for unjust enrichment and tortious interference with business relationship as to Weaver Medical's suppliers. Accordingly, the Court finds that Weaver Medical should be compelled to supplement its response to Joint's Motion to Compel Interrogatory Nos. 6 and 11.

      3.      <u>Interrogatories Nos. 7, 8, and 16 and Request for Production Nos. 5, and 12-14</u>

Having carefully reviewed the parties' submissions, the Court finds that Joint's Interrogatories Nos. 7, 8, and 16 and Request for Production Nos. 5, and 12-14 are not relevant to any claims or defenses in this matter. At the time of the discovery requests, said interrogatories and requests for production were relevant to Joint's claims for breach of exclusivity, breach of non-solicitation covenant prior to termination, and breach of non-solicitation covenant after termination. However, in light of the Court's January 23, 2013 Order granting Weaver summary judgment as to Joint's claims for breach of exclusivity, breach of non-solicitation covenant prior to termination, and breach of non-solicitation covenant after termination, the Court finds that said discovery requests are no longer relevant to any remaining claims or defenses in this matter. Accordingly, the Court finds that Joint's Motion to Compel Interrogatories Nos. 7, 8, and 16 and Request for Production Nos. 5, and 12-14 should be denied.

      4.      <u>Interrogatory No. 9</u>

Here, Joint seeks to discover what records pertaining to Joint's business are in Weaver Medical's possession. Weaver Medical represents to the Court that "all responsive documents were produced in response to this request." Weaver and Weaver Medical's Response to Joint's Motion to Compel ("Weaver and Weaver Medical's Response") [docket no. 81] at p. 9. Accordingly, the Court finds that Joint's Motion to Compel Interrogatory No. 9 is moot.

      5.      <u>Interrogatory No. 12</u>

Here, the Court finds that Weaver Medical's business model is not relevant as to any claim or defense in this matter. Specifically, Joint has no claims against Weaver Medical. Further, Weaver Medical's business model does not appear reasonably calculated to lead to the discovery of

admissible evidence because Weaver Medical's business model does not pertain to Joint's failure to return inventory claim, Weaver's counterclaims, or Weaver Medical's claims. Accordingly, the Court finds that Weaver Medical should not be compelled to supplement its response to Joint's Motion to Compel Interrogatory No. 12.

### 6. Interrogatory No. 13

Here, the Court finds that information regarding Weaver Medical's accreditation is not relevant as to any claim or defense in this matter. Further, Weaver Medical represents to the Court that it has provided Joint the date it applied for accreditation and has "fully responded to this interrogatory." Weaver and Weaver Medical's Response, at p. 7. Accordingly, the Court finds that Weaver Medical should not be compelled to supplement its response to Joint's Motion to Compel Interrogatory No. 13.

### 7. Interrogatory No. 15 and Request for Production Nos. 6 and 7

Having carefully reviewed the parties' submissions, the Court finds that Weaver Medical's customers lists and suppliers lists are relevant to the claims and defenses in this matter. Specifically, Weaver Medical's customer lists and supplier lists appear reasonably calculated to lead to the discovery of admissible evidence pertinent to Weaver Medical's claims for unjust enrichment and tortious interference with suppliers and to Weaver's claim for defamation. Accordingly, the Court finds that Weaver Medical should be compelled to supplement its response to Joint's Motion to Compel Interrogatory No. 15 and Request for Production Nos. 6 and 7.

### 8. Request for Production No. 1

Regarding documents Weaver Medical intends to present at trial, the Court finds that Weaver Medical has provided the documents requested. Specifically, on January 29, 2013, Weaver and

Weaver Medical filed its Final Witness and Exhibit List. Furthermore, Weaver Medical represents to the Court that "[a]ny documents that are identified on the list and not already exchanged will be produced." Accordingly, the Court finds that Joint's Motion to Compel Request for Production No. 1 is moot.

### 9. Request for Production Nos. 4 and 9

Regarding Joint's request for Weaver Medical to produce a copy of each script it used, Weaver represents to the Court that "[t]he only type of script used by Weaver Medical during the relevant period was produced . . . [and] Weaver Medical has completely responded to this request." Weaver and Weaver Medical's Response, at p. 11. Accordingly, the Court finds that Joint's Motion to Compel Request for Production Nos. 4 and 9 is moot.

### 10. Request for Production No. 10

Having carefully reviewed the parties' submissions, the Court finds that Weaver Medical's sales reports since 2009 is relevant to the claims and defenses in this matter. Specifically, Weaver Medical's sales reports appear reasonably calculated to lead to the discovery of admissible evidence pertinent to Weaver Medical's and Weaver's claims for unjust enrichment. Accordingly, the Court finds that Weaver Medical should be compelled to supplement its response to Joint's Motion to Compel Request for Production No. 10.

### 11. Request for Production No. 11

Here, the Court finds that Weaver Medical's tax returns are not relevant to the claims or defenses in this matter. Specifically, Joint does not have any claims against Weaver Medical. Moreover, Weaver Medical's tax returns do not appear reasonably calculated to lead to the discovery of admissible evidence pertinent to Joint's failure to return inventory claim, Weaver's counterclaims,

or Weaver Medical's claims. Accordingly, the Court finds that Weaver Medical should not be compelled to supplement its response to Joint's Motion to Compel Request for Production No. 11.

### B. Joint's Discovery Requests to Weaver

#### 1. Interrogatory No. 9

Regarding the elements of damage Weaver has alleged occurred, Weaver represents to the Court that it would supplement its response as information becomes available. Weaver and Weaver Medical's Response, at p. 17. To the extent Weaver has additional elements or bases for damage not disclosed, the Court finds Weaver should be compelled to supplement its response to Joint's Motion to Compel Interrogatory No. 9.

#### 2. Interrogatory No. 12

Having carefully reviewed the parties' submissions, the Court finds Joint's interrogatory pertaining to whether Weaver attempted to entice Joint's customers is irrelevant. In light of the Court's January 23, 2013 Order granting Weaver summary judgment as to Joint's claims for breach of exclusivity, breach of non-solicitation covenant prior to termination, and breach of non-solicitation covenant after termination, the Court finds that Interrogatory No. 9 is not relevant to any remaining claims or defenses in this matter. Accordingly, the Court finds that Weaver should not be compelled to supplement its response to Joint's Motion to Compel Request for Production No. 11.

#### 3. Request for Production Nos. 5 and 6

Having carefully reviewed the parties' submissions, the Court finds that Weaver's resume and Weaver Medical's checks and direct deposits to Weaver are not relevant to the claims and defenses in this matter. Plaintiff has not demonstrated that Weaver's resume or Weaver Medical's

checks and direct deposits appear reasonably calculated to lead to the discovery of admissible evidence pertinent to Joint's failure to return inventory claim, Weaver's counterclaims, or Weaver Medical's claims. Accordingly, the Court find that Weaver should not be compelled to supplement its response to Joint's Motion to Compel Request for Production Nos. 5 and 6.

IV. Conclusion

For the reasons set forth above, the Court GRANTS IN PART and DENIES IN PART Joint's Motion to Compel [docket no. 78].[1] Specifically, the Court GRANTS Joint's Motion to Compel regarding the following:

    (1)    Interrogatories Nos. 6, 11, and 15 directed to Weaver Medical;

    (2)    Request for Production Nos. 6, 7, and 10 directed to Weaver Medical; and

    (3)    Interrogatory No. 9 directed to Weaver.

The Court DENIES Joint's Motion to Compel regarding the following:

    (1)    Interrogatories Nos. 7, 8, 12, 13, and 16 directed to Weaver Medical;

    (2)    Request for Production Nos. 5, 11-14 directed to Weaver Medical;

    (3)    Interrogatory No. 12 directed to Weaver; and

    (4)    Request for Production Nos. 5 and 6 directed to Weaver.

Finally, the Court finds Joint's Motion to Compel is MOOT regarding the following:

    (1)    Interrogatories Nos. 3 and 9 directed to Weaver Medical; and

---

[1]Couched in the final paragraph of their response, Weaver and Weaver Medical request that the Court "award [] Weaver and Weaver Medical its attorney fees associated with [Joint's] Motion to Compel pursuant to Rule 37(a)(5)(B-C)." Weaver and Weaver Medical's Response, at p. 20. The Court finds an award of attorneys fees and costs is not warranted.

(2)  Request for Production Nos. 1, 4, and 9 directed to Weaver Medical.

**IT IS SO ORDERED this 30th day of January, 2013.**

*[Signature: Vicki Miles-LaGrange]*

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE