# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOINT TECHNOLOGY, INC. d/b/a REVERT SYSTEMS, an Oklahoma Corporation, | ) ) ) ) |
| Plaintiff-Counter Defendant, | ) ) |
| v. | ) Case No. CIV-11-846-M ) |
| GARY KENT WEAVER, JR., | ) ) |
| Defendant-Counter Claimant. | ) ) |
| GARY KENT WEAVER, JR., | ) ) |
| Third-Party Plaintiff, | ) ) |
| v. | ) ) |
| JIM PATTON, | ) ) |
| Third-Party Defendant. | ) |

## ORDER

Before the Court is Plaintiff's Rule 30 Motion for Sanctions, filed March 12, 2013. On March 26, 2013, defendant filed his response. Plaintiff filed no reply. Based upon the parties' submissions, the Court makes its determination.

On July 26, 2011, plaintiff filed the instant action alleging five claims for breach of the employment agreement and claims for conversion of inventory and expense funds against defendant, plaintiff's former vice president. On October 18, 2011, defendant filed an Answer, Counterclaims, and Third-Party Claims[1], and on January 10, 2012, Weaver Medical Group, Inc. filed its Complaint in Intervention. On January 23, 2013, the Court ruled in favor of defendant on plaintiff's contractual

---

[1] Defendant asserted 7 counterclaims, one of which is for injunctive relief from tax disclosure ("1099 disclosure claim").

claims. On January 24, 2013, defendant voluntarily dismissed his claims for unpaid commissions, and on February 4, 2013, defendant voluntarily dismissed his claims for defamation, unjust enrichment, conversion, and replevin. The case proceeded on defendant's 1099 disclosure claim, seeking injunctive relief from tax disclosure. Subsequently, the Court granted defendant's motion for summary judgment on its 1099 disclosure claim

Plaintiff's counsel Paul E. Quigley ("Mr. Quigley") filed this motion to sanction largely based on defendant's counsel Ms. Jaclynn Loney's ("Ms. Loney") alleged conduct regarding the deposition of non-party witness Mr. James Ayo ("Mr. Ayo"). Mr. Quigley scheduled the depositions of witnesses, including Mr. Ayo, to take place on January 22, 2013 in Knoxville, Tennessee. To allow Ms. Loney to depose additional witnesses on January 22, 2013, Mr. Quigley rescheduled Mr. Ayo's deposition to take place on January 23, 2013 in Georgia. Mr. Ayo's deposition commenced as scheduled. During the deposition, Ms. Loney received notice on her phone that the Court had issued an order granting summary judgment in favor of defendant on all of plaintiff's contract claims. In light of the order, Ms. Loney requested that the parties terminate the deposition as moot. Mr. Quigley disagreed. Ms. Loney attempted to contact the Court by phone to resolve this issue; Ms. Loney was unable to reach the Court at that time. While waiting to receive a call back from the Court, Mr. Quigley allegedly stated that he was going to continue the deposition and that Mr. Ayo must comply because the witness was present pursuant to a subpoena. Ms. Loney stated to Mr. Quigley, in front of Mr. Ayo, that Mr. Quigley has failed to obtain a valid subpoena and that this deposition is taken by an agreement. Mr. Quigley then explained to Mr. Ayo that he was there by an agreement and that he may leave if he chooses too, although Mr. Quigley would like to continue with the deposition. Mr. Ayo chose to leave.

Federal Rule of Civil Procedure 30(d)(2) & (3) provides:

> **(2)** *Sanction.* The court may impose an appropriate sanction–including the reasonable expenses and attorney's fees incurred by any party–on a person who impedes, delays, or frustrates the fair examination of the deponent.
>
> **(3)** *Motion to Terminate or Limit.*
>
> **(A)** *Grounds.* At any time during a deposition, the deponent or a party may move to terminate or limit it on the ground that it is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party. The motion may be filed in the court where the action is pending or the deposition is being taken. If the objecting deponent or party so demands, the deposition must be suspended for the time necessary to obtain an order.

Fed. R. Civ. P. 30(d). Mr. Quigley now moves the Court to sanction Ms. Loney for her conduct during the deposition that resulted in Mr. Ayo leaving the deposition. Having carefully reviewed the parties' submissions, the Court finds that no sanction is warranted. Mr. Quigley re-scheduled the January 22 deposition to accommodate Ms. Loney and allow her to depose certain witnesses on that same date. At the January 23 deposition, the parties were already present and the deposition had already commenced. Regardless of the Court's order issued in the middle of the deposition, the courteous, prudent, and professional course of action was to allow Mr. Quigley to continue with the deposition. Notwithstanding, under the circumstances of this case, the Court does not find that Ms. Loney's conduct rises to the level of a sanctionable offense.

Accordingly, the Court DENIES plaintiff's Rule 30 Motion for Sanctions [docket no. 135].

**IT IS SO ORDERED this   21st   day of February, 2014.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE